**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LILY AND VAL, LLC,

          Plaintiff,

    v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

          Defendant.

Case No. 1:26-cv-01896

Judge Joan H. Lefkow
Magistrate Judge Jeffrey T. Gilbert

**DEFENDANT PRINT GARMENT CO.'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF LILY AND VAL LLC'S COMPLAINT, AND
TO DIRECT THE RETURN OF FUNDS**

Defendant Print Garment Co. ("Moving Defendant"), by and through their undersigned counsel, hereby moves to dismiss Plaintiff Lily and Val, LLC's ("Plaintiff") complaint (Dkt. 1) against Moving Defendant under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and to direct Plaintiff to return Moving Defendant's funds taken pursuant to the now vacated default judgment (Dkt. 43). In support of its motion, Moving Defendant states as follows:

### I.    INTRODUCTION

Plaintiff here sued 167 different defendants, broadly alleging copyright infringement of twenty-two different copyright registrations.  (Dkts. 1, 33) (collectively the "asserted copyrights"). Moving Defendant respectfully requests that this Court dismiss the sole Count I of the Complaint for copyright infringement asserted against Moving Defendant.  Moving Defendant has never sold products within this judicial district, let alone maintained any office in the state of Illinois. (Ex. 1, Dkt. 42-1 at pp.1-2, paras. 6 and 8, declaration of Nguyen Gia Tian).  Instead, Plaintiff asserts

broad, conclusory allegations such as that "Each Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Lily & Val Works." (Dkt. 1, ¶ 20). Further, Plaintiff has not satisfied the pleading requirement to allege a claim for copyright infringement. Finally, while Plaintiff has, by its own admission, seized approximately $41,000 of Moving Defendant's funds, there is no order in effect supporting its ongoing possession of Moving Defendant's money. Moreover, Plaintiff's counsel represented to this Court that it would return the money to Moving Defendant last week, yet it has not done so. Therefore, this Court should order Plaintiff to return Moving Defendant's money immediately.

## II. LEGAL STANDARD

"[O]nce the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). When "the defendants submit evidence opposing the district court's exercise of personal jurisdiction, the plaintiffs must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.,* 921 F.3d 701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU-Employer Ret. Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

## III. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Lily and Val, LLC ("Lily") filed its Complaint on February 19, 2026 (Dkt. 1), against numerous unidentified online sellers listed collectively on "Schedule A," including Moving Defendant, asserting a claim of Copyright Infringement under 17 U.S.C. §§ 106 and 501.

Plaintiff's Complaint does not allege that Moving Defendant is located in Illinois, maintains offices or employees in Illinois, or expressly targeted Illinois consumers. Rather, Plaintiff relies on generalized allegations applicable to all "Schedule A" Defendants, asserting that Defendants operated e-commerce storefronts accessible in the United States, and "on information and belief, has sold and continues to sell illegal Lily & Val Products to consumers within the United States, including Illinois and in this judicial district. (Dkt. 1, ¶ 16).

## IV. ARGUMENT

### A. The Court Lacks General Jurisdiction over Moving Defendant

"The plaintiff bears the burden of establishing personal jurisdiction." *Brook v. McCormley,* 873 F.3d 549, 552 (7th Cir. 2017). "A federal court may exercise personal jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause." *Lexington Ins. Co. v. Hotai Ins. Co.,* 938 F.3d 874, 878 (7th Cir. 2019). The "Illinois long-arm statute, 735 ILCS 5/2-209(c), is coextensive with the Federal Constitution's Due Process Clause." *J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.,* 965 F.3d 571, 575 (7th Cir. 2020).

Personal jurisdiction may be general or specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919-20, 131 S. Ct. 2846, 2851 (2011). General jurisdiction applies only where the defendant's "continuous ... operations within a state were thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 318, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

Plaintiff has not and cannot plausibly allege that this Court has general jurisdiction over Moving Defendant. Plaintiff has asserted merely that

> Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through Case: the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Lily & Val Products to consumers within the United States, including Illinois and in this judicial district.

(Dkt. 1, ¶ 16). Here, Moving Defendant operates in Vietnam. It has no property, offices, employees, agents or contractors in Illinois. Moving Defendant does not have continuous and systematic contacts with Illinois to satisfy general jurisdiction. Thus, this Court does not have general jurisdiction over Moving Defendant.

### B. The Court Lacks Specific Jurisdiction over Moving Defendant

"Specific jurisdiction refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR, Inc. v. Turner Diesel,* 107 F.3d 1272, 1277 (7th Cir. 1997) (*quoting Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n.8, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984)). "A plaintiff cannot satisfy the Calder standard simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website." *Mobile Anesthesiologists Chi., Ltd. Liab. Co. v. Anesthesia Assocs. of Hous. Metroplex, P.A.,* 623 F.3d 440, 446 (7th Cir. 2010).

Here, Plaintiff fails to provide any specific allegations that this suit "arises out of or" is "related to" Moving Defendant's contact with the state of Illinois. Plaintiff merely makes conclusory allegations such as that "on information and belief, [each Defendant] has sold and continues to sell illegal Lily & Val Products to consumers within the United States, including

Illinois and in this judicial district." (Dkt. 1, ¶ 16), or that "each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts[.]" *Id.* at ¶ 2. Plaintiff makes no specific allegations regarding Moving Defendant's conduct in relation to Illinois. Moving Defendant has made no sales to any residents of Illinois. (Ex. 1, Declaration at para. 8). While Plaintiff may wish to rely on website screenshots depicting Moving Defendant's Amazon stores (Dkt. 18-1 p. 131), courts in this jurisdiction have determined that the mere creation of an interactive website storefront is not sufficient to satisfy specific jurisdiction. *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'n Identified on Schedule A,* No. 20-cv-5338, 2021 U.S. Dist. LEXIS 40755, at *9 (N.D. Ill. Mar. 4, 2021); *See also Unicolors, Inc. v. Shewin Flagship Shops,* No. 1:24-CV-2987, 2024 U.S. Dist. LEXIS 193461, at *18-20 (N.D. Ill. Oct. 24, 2024); *Weiming Sun v. P'ships & Unincorporated Ass'n Identified on Schedule A,* No. 24 C 09356, 2025 U.S. Dist. LEXIS 39463, at *7 (N.D. Ill. Mar. 5, 2025) ("[The plaintiff] has submitted a screenshot of [the defendant's] Walmart posting that seems to establish an Illinois consumer could place an order if he or she wanted. But this hypothetical falls short of establishing sufficient in-state contacts to confer jurisdiction.").

Specific jurisdiction is not satisfied by evidence that an Amazon purchaser may designate an Illinois destination as its shipping address for the accused products:

> Viewed in the light most favorable to [the plaintiff], the record establishes only that [the defendant] has created an interactive website on Amazon.com to sell its products and that a buyer may set the 'deliver to' address to an Illinois postal code. [The plaintiff] offers no limiting principle to guard against the concerns about nearly universal jurisdiction articulated repeatedly in Seventh Circuit case law on internet contacts.

*Unicolors, Inc.,* No. 1:24-CV-2987 at pp. 18-20.

The Seventh Circuit has recently confirmed that the proper outcome of a case in which the accused defendant is not subject to personal jurisdiction is to vacate the judgment and dismiss the case. *Yinnv Liu v. Monthly,* 170 F.4th 1090 (7th Cir. 2026). In *Yinnv Liu*, the Plaintiff sued hundreds of online vendors in April 2024 for allegedly infringing upon her registered trademark, which trademark comprises three stylized Chinese characters. *Id.* at 1092. Because the defendants failed to appear in district court, the court entered default judgment against the defendants in August 2024. *Id.* In support of that judgment, the district court ruled that it had personal jurisdiction over the defendants because they "targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products ... to residents of Illinois." *Id.* Early the following year, the defendants appeared for the first time and moved to vacate the default judgment under Rule 60(b). *Id.* The district court explained that it had previously found both personal jurisdiction and proper service, and that the defendants "offer[ed] no factual basis to revisit those prior findings." *Id.* The Seventh Circuit disagreed with that analysis and ordered the judgment against the defendants vacated with instructions to dismiss the case against the defendants for want of jurisdiction:

> In its docket entry denying the defendants' motion to vacate, the district court affirmed that it had personal jurisdiction because the defendants operate e-commerce stores which are accessible in and offer shipping to the United States, through which Illinois residents have purchased products. Yet there's no evidence in the record of Illinois purchases. The evidence upon which the district court relied shows only that it was possible to order the defendants' products and have them shipped to Illinois, not that such sales took place. Those records consist of screenshots of Walmart's website showing the checkout page with the infringing product, a Chicago shipping address, and the estimated total, but not a completed purchase. Even Liu's motion for a temporary restraining order, to which these screenshots were attached, asserted only that the screenshots demonstrate that infringing products "were offered for sale to residents of the United States, including Illinois residents," not that they prove actual sales in Illinois.

- 6 -

> Therefore, the district court clearly erred in finding that the defendants sold products to Illinois customers. Nor was that error harmless. Without those sales, the court's basis for personal jurisdiction is merely that the defendants operated online stores accessible in the United States, which offered shipping to the United States. As we explained in *Curry* [*v. Revolution Lab'ys, LLC, 949 F.3d 385, 400 (7th Cir. 2020)*], more is required to establish purposeful action by the defendant and thus personal jurisdiction; a defendant may not be "haled into court simply because the defendant owns or operates a website that is accessible in the forum state." 949 F.3d at 400 (citation modified).

*Id.* at 1093-94. *Yinnv Liu* applies to this case. The present complaint is based upon evidence that Moving Defendant operates a website (Dkt. 1 at ¶16), and contrary to its claim based upon "information and belief," the only evidence of record is that <u>no</u> sale has occurred in Illinois, nor has Moving Defendant shipped a product to Illinois. (Ex. 1, Dkt. 42-1, at ¶ 8), emphasis added). Thus, the only jurisdictional basis presented by Plaintiff for the Default Judgment is evidence which the Seventh Circuit has found insufficient to let any judgment stand. That is, even if Plaintiff could demonstrate that through creating an Amazon store, Moving Defendant desired to conduct business in Illinois, it cannot show that Moving Defendant knowingly conducted business with Illinois residents. As stated above, Moving Defendant has not made any sales of the accused products to Illinois residents. Nor has it shipped any products to Illinois residents. Thus, in light of the controlling authority of *Yinnv Liu*, Plaintiff's complaint does not support personal jurisdiction over Moving Defendant, nor can it be amended to cure its jurisdictional defect. Thus, Plaintiff's complaint must be dismissed.

### C. Plaintiff Should be Ordered to Return Moving Defendant's Funds As Promised

This Court should order the return of Moving Defendant's funds taken by Plaintiff where, as here, Plaintiff's only legal basis for possessing such funds (the default judgment) has been vacated. *Ouyeinc Ltd. v. The Partnerships and Unincorporated Assn's Identified on Schedule*

*"A,"* Civ. Action No. 22-cv-05187 (N.D. Ill. October 22, 2025)(Slip Op. at 1, Ex. 2). Specifically, in *Ouyeinc*, the Court found a lack of personal jurisdiction:

> Here, there were no sales to Illinois. And none is not one. Therefore, the Court finds that it lacked personal jurisdiction over [the moving defendants]. Because "[d]efault judgments rendered without personal jurisdiction are void," e360 Insight v. The Spamhaus Project, 500 F.3d 594, 598 (7th Cir. 2007), the Court vacates judgment and all orders as to [the moving defendants].

(Slip Op. at 3 , Ex. 2). Thus, the *Ouyeinc* Court ordered the Plaintiff in that case to "return all money recovered from [the moving defendants], notify any third-parties who received notice of the Court's prior orders that this Court has vacated those orders as to these defendants, and shall facilitate the return of the defendants' webstores to the defendants." *Id.* at 1.

*Ouyeinc* is squarely on point. The Plaintiff cannot dispute that: 1) Plaintiff has about $41,000 in Moving Defendant's funds (obtained from Moving Defendant's Amazon account), and 2) that the basis for Plaintiff's taking of Moving Defendant's funds was the default judgment, which has been vacated. Indeed, recognizing these facts, Plaintiff's counsel promised this Court to return such money last week:

> THE COURT: -- Print, Garment Print Company. So are you planning to dismiss them?
>
> MR. ROMERO [Plaintiff's Counsel]: We are not currently planning to dismiss them, Your Honor. We have exchanged some email correspondence, and in that email correspondence, both sides expressed some interest in trying to resolve the case. **I know my friend on other side here mentioned that we do have about $41,000 that we received from the default judgment, and we will work on returning that today or by tomorrow, the end of this week at the very latest. Apologies, Your Honor.**

(6/24/26 Transcript at pp. 4-5, Ex. 3). To date, Plaintiff has made no such payment. Thus, pursuant to the Court's rationale in *Ouyeinc* and the Plaintiff's promise to this court, all money taken by Plaintiff from Moving Defendant should be returned immediately.

- 8 -

## V.     CONCLUSION

Moving Defendant respectfully requests that this Court enter an Order: 1) dismissing the

Complaint against Moving Defendant; 2) directing the return of all money taken by Plaintiff from

Moving Defendant; and 3) for all other relief as the Court deems just and proper.

Dated: July 1, 2026                                    Respectfully submitted,

                                                       /s/ Arthur A. Gasey
                                                       Arthur A. Gasey (gasey@vvnlaw.com)
                                                       Dean D. Niro (dniro@vvnlaw.com)
                                                       Nicholas D. Niro (nniro@vvnlaw.com)
                                                       **VITALE, VICKREY, NIRO, SOLON &
                                                       GASEY LLP**
                                                       311 S. Wacker Drive, Suite 2200
                                                       Chicago, IL 60606
                                                       Phone: (312) 236-0733
                                                       ***Attorneys for Defendant Print Garment Co.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 1, 2026, the foregoing:

**DEFENDANT PRINT GARMENT CO.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF LILY AND VAL LLC'S COMPLAINT, AND TO DIRECT THE RETURN OF FUNDS**

was served electronically upon the following counsel:

Yi Bu
JiangIP LLC
33 W. Jackson Blvd, Unit 2W
Chicago, IL 60604
Tel. (262) 729-3628
Email: ybu@jiangip.com

Adam Grodman
JiangIP LLC
33 W. Jackson Blvd, Unit 2W
Chicago, IL 60604
Tel. (312) 857-8077
Email: agrodman@jiangip.com

Yanling Jiang
JiangIP LLC
33 W. Jackson Blvd, Unit 2W
Chicago, IL 60604
Tel. (925) 247-4786
Email: yanling@jiangip.com

Monica Rita Martin
JiangIP LLC
33 W. Jackson Blvd, Unit 2W
Chicago, IL 60604
Tel. (630) 733-9483
Email: mmartin@jiangip.com

Cameron Eugene Mcintyre
JiangIP LLC
33 W. Jackson Blvd, Unit 2W
Chicago, IL 60604
Tel. (312) 373-0913
Email: cmcintyre@jiangip.com

- 10 -

Christopher Romero
JiangIP LLC
33 W. Jackson Blvd, Unit 2W
Chicago, IL 60604
Tel. (630) 201-3892
Email: cromero@jiangip.com

Keith A. Vogt
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite 306
North Miami Beach. FL 33162
Tel. (708) 203-4787
Email: keith@vogtip.com
***Attorneys for Plaintiff Lily and Val, LLC***

Timothy Tiewei Wang
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
Tel. (972) 331-4603
Email: twang@nilawfirm.com
***Attorney for Defendant 123***

*/s/ Arthur A. Gasey*
***Attorneys for Defendant Print Garment Co.***

- 11 -