**EXHIBIT 3**

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LILY & VAL, LLC,                    )  Case No. 26 C 1896
                                    )
                  Plaintiff,        )
                                    )
        v.                          )
                                    )
THE PARTNERSHIPS AND                )
UNINCORPORATED ASSOCIATIONS         )
IDENTIFIED ON SCHEDULE A,           )  Chicago, Illinois
                                    )  June 24, 2026
                  Defendants.       )  9:25 a.m.


                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JOAN H. LEFKOW

APPEARANCES:

For the Plaintiff:     JIANGIP, LLC
                       BY:  MR. CHRISTOPHER ROMERO
                            MS. MONICA R. MARTIN
                       33 West Jackson Boulevard, Suite 2W
                       Chicago, Illinois 60604


For Defendant          VITALE, VICKREY, NIRO, SOLON & GASEY LLP
Garment Print Co.:     BY:  MR. ARTHUR A. GASEY
                            MR. NICHOLAS D. NIRO
                       311 South Wacker Drive, Suite 2470
                       Chicago, Illinois 60606


Court Reporter:        NANCY L. BISTANY, CSR, RPR, FCRR
                       Official Court Reporter
                       219 South Dearborn Street, Room 1706
                       Chicago, Illinois 60604
                       (312) 435-7626
                       bistanyofficialtranscripts@gmail.com


                       *   *   *   *   *


                PROCEEDINGS REPORTED BY STENOTYPE
     TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE CLERK:  26 C 1896, Lily & Val versus The Partnerships.

THE COURT:  Good morning.

MR. GASEY:  Good morning, Your Honor.

Art Gasey from the firm of Vitale, Vickrey, Niro, Solon & Gasey.  With me is Nick Niro.  We represent Print Garment Co., the defendant.

MR. NIRO:  Good morning, Your Honor.

THE COURT:  Good morning.

Okay.  Another Schedule A case.  What's the status of Garment Print Company?

MR. GASEY:  Well, Your Honor, we filed a Rule 60 motion, which the Court granted vacating judgment.  In that -- in support of that motion, we provided a declaration from our company's CEO stating that they had, in fact, made no sales within the State of Illinois, which places it under the ambit of that recent federal -- the Seventh Circuit case.

THE COURT:  Right.

MR. GASEY:  And so we had originally asked in the motion to vacate, although perhaps we had should have done it more clearly, for which I apologize -- we had asked to vacate the judgment and dismiss the case.

The motion was granted but didn't specify as to which aspects, so --

THE COURT: I see. Okay. So --

MR. GASEY: And we don't want to burden the Court with motions. If Your Honor wants us to reboot that motion as a motion to dismiss, we can do so.

I mean, our main concern is right now the plaintiffs are sitting on our client's -- they have actually taken about $41,000 of our client's money. We have no sales, so we just -- we want our money back.

THE COURT: Okay. All right. So I have satisfaction of judgment filed 6/18. Is that --

MR. GASEY: I think that's for a different defendant, Your Honor.

THE COURT: Yes, No. 3. Okay.

Motion to set aside judgment is granted. This is May 11.

MR. GASEY: That's us, Your Honor.

THE COURT: This is Garment Print.

All right. So I think I didn't know whether the case was proceeding against them, but you say you are --

MR. GASEY: Well, we have no sales in Illinois. So, I mean, we -- I mean, right now we're at a point where there is no responsive motion or other pleadings.

So if Your Honor wants us to file a motion to dismiss to recaption what had been in the substance of our Rule 60 motion, we can do so and then -- and then just move forward at

a pace from there.  It's still the same operative facts.  We have no sales in Illinois, so --

THE COURT:  Plaintiff isn't here today --

(Mr. Romero and Ms. Martin approached the bench.)

THE COURT:  -- or you are here.  Hello.

MR. ROMERO:  Apologies, Your Honor.  I guess it started a little early.

This is Christopher Romero on behalf of the plaintiff, joined today by my co-counsel, Monica Martin.

MS. MARTIN:  Good morning, Your Honor.

THE COURT:  All right.  Good morning.

MS. MARTIN:  Good morning.

THE COURT:  Yes, we did start early because I was waiting for someone to come in.

So I was asking about this case, Garment -- what's the name of it again?

MR. GASEY:  It's Garment --

THE COURT:  -- Print, Garment Print Company.

So are you planning to dismiss them?

MR. ROMERO:  We are not currently planning to dismiss them, Your Honor.  We have exchanged some email correspondence, and in that email correspondence, both sides expressed some interest in trying to resolve the case.

I know my friend on other side here mentioned that we do have about $41,000 that we received from the default

judgment, and we will work on returning that today or by tomorrow, the end of this week at the very latest. Apologies, Your Honor.

We initially just wanted to try to protect our client's rights and maintain the status quo, but we don't want to withhold those funds so that we can continue to work towards a resolution in this case.

I do think it would be a good idea for defendants to maybe restate their objections to the personal jurisdiction question just so that we can build a complete record as to that particular issue.

When Your Honor vacated the default judgment, we didn't have an opportunity to brief that particular issue. So we certainly would like to have that opportunity, and then present our arguments with regard to that issue.

THE COURT: Okay. This defendant is saying, however, they have no sales in Illinois. So does that make a difference in terms of defeating your claim of jurisdiction, all other things being, you know, accepted as true?

MR. ROMERO: Your Honor, it doesn't make a difference here, and it's because it's a copyright case rather than a trademark case.

Under the Lanham Act, you do want to show a sale or an offer for sale.

Under the copyright act, there is no sale requirement.

You know, a violation of the copyright act is -- well, the ones that occurred here are reproduction and public display of the infringing product with our artwork on it.

So we believe that we do still have a basis for personal jurisdiction here, specifically under Rule 4(k)(2), which allows any federal court to exercise personal jurisdiction in cases arising under federal law against defendants lacking a home state where their aggregate contacts with the U.S. as a whole are substantial even without specific jurisdiction in any single -- in any single state. And that's from the Seventh Circuit *ISI International* case.

Here, so the 4(k)(2) analysis follows -- mirrors the specific jurisdiction analysis. You know, are they purposefully availing themselves of the United States? They are. They are operating on -- or they're leasing space on the U.S.'s most popular marketplace, Amazon.

Is there a suit-related contact here? Yes, we believe that public display is the relevant suit-related contact here under the copyright act.

And then is it fair? And we do have reasons to believe that fairness also weighs in our favor.

THE COURT: All right. Well, it sounds like we should move with -- I had with a motion to dismiss for whatever basis you believe, lack of personal jurisdiction and whatever else. And we'll go from there then.

Is there a date we can set for you to file?

MR. GASEY:  If we could have a week, Your Honor.  It's really derivative of what we've already filed, so we just want to address some of the specific points that counsel has raised -- raised just now.

The *Yinnv Liu* case, which we're relying on, the Seventh Circuit controlling authority, isn't based on trademark law.  It's based on the Illinois long-arm statute, because there isn't any personal jurisdiction clause that arises out of the Lanham Act, of course.  But, you know, we're happy to go ahead and address that.  We're happy to point this out.

My only request, since it appears that both sides are in agreement, the -- is can we get some sort of agreed order to have the funds returned by some date certain, end of the week or something like that?

MR. ROMERO:  Certainly, Your Honor.  We will follow up today.  I request their trust account details, and then we'll work on sending that -- those funds back immediately.

THE COURT:  All right.  So is seven days sufficient for you -- for the defendant to file a motion, for the money to be returned?

And then how much time would you need to respond to their motion?

MR. ROMERO:  Can we get 14 days, Your Honor?

THE COURT:  All right.  And then seven to reply.

8

MR. GASEY:  That would be great, Your Honor.

THE COURT:  Do you want to give us a date certain, Amanda?

THE CLERK:  The motion by July 1st, a response by July 15th, and reply July 22nd.

MR. GASEY:  And it's July 1st both for the return of funds and for the motion?

THE COURT:  Yes.  All right.  I think that's all for today.

MR. GASEY:  Great.  Thank you, Your Honor.  Have a nice day.

MR. ROMERO:  Thank you, Your Honor.  Have a good week.

(Proceedings concluded.)

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/S/Nancy L. Bistany*                    *June 30, 2026*
_____        _____
Nancy L. Bistany                        Date
Official Court Reporter