**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LILY & VAL, LLC,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.

Case No. 26-cv-01896

Judge Joan H. Lefkow

Magistrate Judge Jeffrey T. Gilbert

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NO. 131 GARMENT PRINT CO.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant No. 131 Garment Print Co.'s ("Defendant") motion to dismiss for lack of personal jurisdiction [50, 51] ("Defendant's Motion") should be denied, or, at minimum, continued pending jurisdictional discovery. Defendant's Motion rests entirely on the Declaration of Nguyen Gia Tuan [51-1] (the "Nguyen Declaration"), which represents under penalty of perjury that Defendant "solely operates in Socialist Republic of Vietnam" and "has never owned, leased, or utilized an office in Illinois." [51-1] ¶ 6. That representation is false. Amazon's own records for Defendant show the account's registered business is HugBerry LLC, a Colorado limited liability company with a business address in Denver, Colorado. Vogt Decl. ¶ 10, Ex. 2. Colorado's public business-entity records confirm HugBerry LLC was organized on October 17, 2025, by an individual named "Robin Jones" more than six months before Mr. Nguyen signed his Declaration. *See id.* ¶ 11, Ex. 3. Neither the Motion, the Memorandum, nor the Declaration mentions HugBerry LLC, nor Robin Jones, and none explain their relationship to Defendant's Amazon account, or why an entity organized under U.S. law and holding a registered U.S. business address is claiming zero connection to the U.S. in a sworn declaration. These defects alone warrant denial.

Defendant's challenge to personal jurisdiction fails because, independent of any sale, Defendant's public display of Plaintiff's copyrighted work on its U.S.-facing Amazon listing is itself an act of infringement and a suit-related domestic contact sufficient to support jurisdiction under Fed. R. Civ. P. 4(k)(2), especially given Defendant's refusal to identify any state where it concedes jurisdiction. At minimum, the Court should not resolve a contested jurisdictional fact against Plaintiff without jurisdictional discovery. And if the Court ultimately concludes no jurisdiction exists, the appropriate remedy is transfer, not dismissal, to a forum where Defendant's own undisclosed corporate structure places it squarely within the court's general jurisdiction. Finally, Defendant's request for the return of the restrained funds is moot as Plaintiff has returned them. For these reasons, the Court should deny Defendant's Motion.

### BACKGROUND

Plaintiff filed this action on February 19, 2026, naming Defendant among the Schedule A defendants. [1]. Following Defendant's failure to appear, the Court entered a final default judgment order on April 2, 2026 [33]. On May 11, 2026, the Court granted Defendant's motion to set aside the default judgment, reopening the matter as to Defendant. [43]. On July 1, 2026, Defendant filed its Motion [50], supported by a Memorandum [51] and the Nguyen Declaration [51-1]. The Declaration states that Mr. Nguyen is "a citizen of the Socialist Republic of Vietnam" and "the owner of the online store, Garment Print Co.," which "solely operates in Socialist Republic of Vietnam" and "has never owned, leased, or utilized an office in Illinois," has "never advertised, held a telephone listing, or maintained bank accounts in Illinois," and "has no agents, employees or contractors in Illinois." [51-1] ¶¶ 1, 3, 5–6. The Declaration further states that Defendant "has never sold and shipped any accused products to Illinois," *id.* ¶ 8, and offers an account of how Defendant came to learn of this lawsuit. *Id.* ¶¶ 9–14.

2

Amazon's account records for Defendant's Amazon Seller ID A3P2DQS9E6T56E identify the account's Business Name as HugBerry LLC and its Business Address as 1500 N Grant St #6560, Denver, Colorado, 80203. Vogt Decl. ¶ 10, Ex. 2. However, on August 28, 2025, the identical Amazon seller-information page identified the account's Business Name as "Tuan Nguyen Gia" and listed a Bac Ninh, Vietnam business address. Vogt Decl. ¶ 11, Ex. 4. The account's registered business identity therefore changed between August 28, 2025, and July 2026.

## **ARGUMENT**

### I.     **Defendant's Motion Fails Because It Rests on a Materially Deficient Declaration**

On a motion to dismiss for lack of personal jurisdiction decided on written submissions without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdiction, *see In re Sheehan*, 48 F.4th 513, 526 (7th Cir. 2022), and Plaintiff "is entitled to have any conflicts in the affidavits … resolved in its favor." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782–83 (7th Cir. 2003); *see also uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423–24 (7th Cir. 2010). A court credits the facts in a defendant's affidavit only insofar as they do not conflict with the record. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 393 (7th Cir. 2020). Defendant's Declaration is not a complete or reliable account of its contacts with the United States.

Mr. Nguyen swears that Defendant "solely operates" out of Vietnam and claims no Illinois contacts, including lack of an office, a telephone listing, a bank account, or employees. [51-1] ¶¶ 5–6. He says nothing about HugBerry LLC, the business name that Amazon currently associates with Defendant. Yet, Defendant asks this Court to find that it has no U.S. presence whatsoever, despite the discrepancy that it is a Colorado limited liability company, formed months before the Declaration was signed. Mr. Nguyen further swears that he is "the owner of the online store, Garment Print Co.," that "Garment Print Co. operates an online retail storefront, including through

3

an Amazon seller account," and that "Garment Print Co. solely operates in Socialist Republic of Vietnam." [51-1] ¶¶ 3, 5–6. But an online store is not a legal person. A storefront account has no citizenship, no principal place of business, and no jurisdictional contacts of its own; only the individual or entity that owns and operates it does. *See* Fed. R. Civ. P. 17(b). An online storefront is "not the business itself, but [is a] tool[] that the business … uses to sell its goods," and so is not a suable entity whose contacts can be assessed until the owner is identified. *Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule*, 2022 WL 1028834, at *1–2 (N.D. Ill. 2022). The Declaration never identifies that legal person. It does not say whether Garment Print Co. is a corporation, a limited liability company, or a partnership; whether it is owned by Mr. Nguyen, Robin Jones, or by HugBerry LLC; or where that owner is organized, headquartered, or otherwise amenable to suit. Defendant has also not filed a Notification of Affiliates pursuant to Local Rule 3.2 identifying all owning entities and individuals.

That silence is not a sufficient evidentiary basis on which to dismiss. At minimum, the identity of the person or entity that owns and operates the Garment Print Co. storefront, and that owner's contacts with the United States, is a question Plaintiff is entitled to test in discovery before any dismissal. A declarant who exclusively denies contacts with Illinois, while omitting the existence of its U.S.-registered business, has not given this Court a complete jurisdictional picture. With any conflict resolved in Plaintiff's favor, *Purdue*, 338 F.3d at 782–83, Defendant's materially deficient declaration cannot defeat Plaintiff's *prima facie* showing of personal jurisdiction, and its Motion should be denied or, at a minimum, deferred to allow jurisdictional discovery.

II.     **Personal Jurisdiction Is Proper Because Defendant's Infringing Public Display Establishes Minimum Contacts Under Rule 4(k)(2) and Satisfies the Effects Test.**

Defendant operated a storefront on Amazon and unlawfully publicly displayed Plaintiff's copyrighted work to consumers across the country and ran it as a live, revenue-generating U.S.-

4

facing business whose account received proceeds from U.S. consumers, yet Defendant asks this Court to treat that conduct as though it occurred nowhere at all. Two independent lines of due-process doctrine defeat that request. The Seventh Circuit recognizes two paths to specific jurisdiction: the traditional minimum-contacts (purposeful availment) test and the *Calder* "purposeful direction," or effects, test. *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010); *Curry*, 949 F.3d at 398; *Felland v. Clifton*, 682 F.3d 665, 672–73 (7th Cir. 2012). Defendant's unlawful public display of Plaintiff's copyrighted work, giving rise to this suit, satisfies both.

The Complaint pleads Rule 4(k)(2) as a basis for jurisdiction. [1] ¶ 2. Rule 4(k)(2) functions as a federal long-arm for federal claims: where a defendant's aggregate contacts with the U.S. as a whole are sufficient but it is not subject to jurisdiction in any single state, any federal court may exercise jurisdiction consistent with the Fifth Amendment. Fed. R. Civ. P. 4(k)(2); *ISI Int'l Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551–52 (7th Cir. 2001); *Abelesz v. OTP Bank*, 692 F.3d 638, 656 (7th Cir. 2012); *Mwani v. bin Laden*, 417 F.3d 1, 11 (D.C. Cir. 2005) (whether jurisdiction is "consistent with the Constitution" under Rule 4(k)(2) "depends on whether a defendant has sufficient contacts with the United States as a whole to justify the exercise of personal jurisdiction under the Due Process Clause of the Fifth Amendment"). And the Fifth Amendment is not coextensive with the Fourteenth: it "permits a more flexible jurisdictional inquiry commensurate with the Federal Government's broader sovereign authority." *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 16 (2025). The inquiry otherwise mirrors ordinary specific jurisdiction: purposeful availment or direction, suit-related contacts, and fairness, measured against the Nation rather than a single State. Defendant's Motion argues only the Fourteenth Amendment and the Illinois long-arm statute, and relies almost entirely on trademark decisions, including *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026). But this is a copyright action where

personal jurisdiction is properly pled and established under Rule 4(k)(2) because Defendant has minimum suit-related contacts with the U.S. as a whole, and the brunt of the harm from Defendant's violation was felt in the U.S., where Defendant expressly aimed its conduct.

A.  Rule 4(k)(2) Establishes Personal Jurisdiction Under the Minimum-Contacts Test.

The minimum-contacts test asks whether the defendant purposefully availed itself of the forum, whether the claim arises from that contact, and whether the exercise of jurisdiction is fair. *Curry*, 949 F.3d at 398. Rule 4(k)(2) applies that framework to the United States as a whole, subject to a single gateway: the defendant must not be amenable to suit in any state's courts of general jurisdiction. Fed. R. Civ. P. 4(k)(2); *ISI Int'l*, 256 F.3d at 551–52. A defendant "who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed"; if it "refuses to identify any other [state] where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Id.* at 552. Defendant names no state. It disclaims the entire country, swearing that Defendant "solely operates in Socialist Republic of Vietnam," [51-1] ¶ 5, and does not even acknowledge Colorado, where the listed owner of its Amazon account, HugBerry LLC, is registered. Every element is satisfied and supports personal jurisdiction.

### i. *Defendant Purposefully Availed Itself of the United States Market.*

Defendant's listing was accessible and interactive on Amazon's U.S.-facing URL address (Amazon.com), written in English, priced in U.S. dollars, and offered shipping across the United States. *See* Vogt Decl. ¶¶ 10, 13, Ex. 5. Those are deliberate design choices engineered to exploit American consumers, not the passive byproduct of a globally accessible page. The Seventh Circuit treats such deliberate, forum-directed online conduct as purposeful availment. *uBID*, 623 F.3d at 428; *see Curry*, 949 F.3d at 400–01. By establishing a storefront on Amazon and offering to ship

the accused product into this country, Defendant "assert[ed] a willingness to ship goods" here "and established the capacity to do so." *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022).

That was a deliberate commercial undertaking, not happenstance. To sell on Amazon, a third-party seller must open a Seller Central account, assent to Amazon's United States business-services terms, and pay ongoing subscription and per-sale fees to occupy a storefront on Amazon.com, the U.S.-facing marketplace. Defendant in effect leases space in the American market to solicit and transact with U.S. consumers. To secure that space, Defendant had to accept Amazon's Business Solutions Agreement and elect the United States marketplace — agreeing to United States governing law and forum selection, pricing in U.S. dollars, and paying subscription and percentage-of-sales fees to occupy its storefront, all while remaining the seller and owner of the goods it sold. *See* Vogt Decl. ¶¶ 5–8 & Ex. 1. That the Amazon account belongs to a Colorado limited liability company, and that Amazon released $41,564.39 in accumulated account proceeds generated through that U.S.-facing storefront, confirms that Defendant operated a genuine, ongoing commercial business in the United States. *See* Vogt Decl. ¶ 3. Its purposeful availment of the U.S. market was thus deliberate and comprehensive, not incidental.

### ii.  *Plaintiff's Claim Arises Directly From Defendant's Infringing Public Display.*

Specific jurisdiction requires only that the litigation result from an injury arising out of or relating to the defendant's own contact with the forum. *Curry*, 949 F.3d at 398; *see Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359, 362 (2021). Under Rule 4(k)(2), the relevant forum is the United States as a whole, not any single State. Fed. R. Civ. P. 4(k)(2); *Abelesz*, 692 F.3d at 656. Defendant's aggregate suit-related contacts are its unlawful public display of Plaintiff's copyrighted work to consumers across the United States through Amazon. The Copyright Act reserves to the owner the exclusive right "to display the copyrighted work publicly,"

7

that is "to show a copy of it," and to "transmit or otherwise communicate" that display "to the public…by means of any device or process." 17 U.S.C. §§ 106(5), 101. That language reaches works shown to consumers over the internet. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007). The right secures the owner's control over the public communication of its work, and the market and licensing value that public exposure carries, so that no one may exploit the work by displaying it to the public without authorization. *See* 17 U.S.C. § 106(5); *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984). And because the display right stands on its own, a public display itself is an act of infringement, regardless of any sale. 17 U.S.C. §§ 106(5), 501(a); *Bell v. Merchants Bank of Indiana*, 456 F. Supp. 3d 1046, 1049–50 (S.D. Ind. 2020).

Defendant committed that infringement here. Its U.S.-facing Amazon listing displayed Plaintiff's copyrighted work to consumers throughout the United States and offered to ship the infringing product nationwide, including to Illinois, Pennsylvania, and Florida. *See* Vogt Decl. ¶ 14, Ex. 6. Each such display was an infringing act inside the United States, and the resulting harm, including lost sales and licensing opportunities, consumer confusion, and damage to Plaintiff's goodwill and reputation, is felt here. Relatedness demands no more than that the claim "arise out of or relate to" the defendant's forum conduct, and a plaintiff's injury from that very conduct satisfies the standard. *Curry*, 949 F.3d at 401; *NBA Props.*, 46 F.4th at 625; *see Ford Motor Co.*, 592 U.S. at 362. Plaintiff's infringement claim arises directly from Defendant's infringing public display, which are aggregate suit-related contacts with the United States for Rule 4(k)(2) purposes.

### iii. *Exercising jurisdiction comports with fair play and substantial justice.*

Once minimum contacts exist, the burden shifts to the Defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."

8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985); *NBA Props.*, 46 F.4th at 625; *Purdue*, 338 F.3d at 781. Defendant cannot carry it. A foreign seller that registers a United States company, unlawfully displays copyrighted works to American consumers, and operates a U.S.-facing storefront that draws tens of thousands of dollars in proceeds out of the U.S. market is closely connected to this country. Requiring it to answer in a United States court offends no notion of fair play or substantial justice. *See Fuld*, 606 U.S. at 16; *Curry*, 949 F.3d at 402; *X Corp. v. World Fed'n of Advertisers*, No. 7:24-CV-0114-B, 2026 WL 833900, at *12 (N.D. Tex. Mar. 26, 2026) (post-*Fuld*, Rule 4(k)(2) jurisdiction turns on whether the defendant's "conduct [is] closely connected to the United States"). Having structured its business to invite and accept orders from across the entirety of the U.S., Defendant cannot now disclaim the forum it chose to exploit.

None of Defendant's authorities controls this analysis. Each declined jurisdiction under the Fourteenth Amendment's forum-specific standard, and none mentions Rule 4(k)(2). *See Richter v. INSTAR Enters. Int'l, Inc.*, 594 F. Supp. 2d 1000 (N.D. Ill. 2009); *American Bridal & Prom Indus. Ass'n v. Partnerships*, 192 F. Supp. 3d 924 (N.D. Ill. 2016); *Schoeps v. Sompo Holdings, Inc.*, 736 F. Supp. 3d 582 (N.D. Ill. 2024); *be2 LLC v. Ivanov*, 642 F.3d 555 (7th Cir. 2011); *Liu*, 170 F.4th 1090; *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014). *Fuld* does not dispense with the need for a genuine connection to the United States; it removes the Fourteenth Amendment case law as a bar to reaching a defendant. Requiring Defendant to answer in federal court for infringement it deliberately directed at the United States market offends no notion of fair play.

B. <u>Independently, the Effects Test Confirms Jurisdiction Because Defendant's Willful Infringement Is an Intentional Tort Aimed at the United States.</u>

The *Calder* effects test, which the Seventh Circuit applies to intentional torts, further supports personal jurisdiction in this case. *Calder v. Jones*, 465 U.S. 783, 789–90 (1984);

*Tamburo*, 601 F.3d at 702–03; *Felland*, 682 F.3d at 674–75. "A cause of action for copyright infringement sounds in tort." *Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd.*, 767 F. Supp. 181, 183 (N.D. Ill. 1991) (citing *Leo Feist, Inc. v. Young*, 138 F.2d 972, 975 (7th Cir. 1943)). And Plaintiff pleads that Defendant's infringement was deliberate. *See* [1] ¶¶ 6–7; *Bratt v. Love Stories TV, Inc.*, 713 F. Supp. 3d 847 (S.D. Cal. 2024). The test asks whether the defendant committed an intentional tort, whether the plaintiff felt the brunt of the harm in the forum, and whether the defendant expressly aimed its conduct at the forum. *Tamburo*, 601 F.3d at 703.

Each element is satisfied under Rule 4(k)(2). The intentional tort is Defendant's unlawful reproduction, public display, and distribution of Plaintiff's copyright and derivatives thereof. *See* 17 U.S.C. § 106(1), (2), (3), (5). Defendant expressly aimed that conduct at the U.S.: it displayed the work on a U.S.-facing Amazon storefront written in English, priced in U.S. dollars, and offering shipping throughout this country. Those are affirmative contacts Defendant itself created with the United States, not the unilateral activity of the Plaintiff, and they are what the effects test requires. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014). This is therefore not a case of a merely accessible website: Defendant did not passively operate a site that happened to be viewable here; it built and paid to occupy a storefront on the U.S. marketplace and displayed the infringing work to U.S. consumers through it. The brunt of the resulting harm is felt throughout the U.S. market Defendant's conduct reached, including in Illinois and in Brentwood, Tennessee, where Plaintiff maintains its principal place of business. *Tamburo*, 601 F.3d at 706. Defendant thus expressly aimed its infringement at U.S. consumers and cannot now disclaim the jurisdiction of their courts.

C. Personal Jurisdiction Is Proper Because Defendant Has Not Identified a Suitable Alternative Forum Where the Case Can Proceed.

Defendant's jurisdictional challenge is nothing more than an attempt to manufacture an escape hatch. It does not point to any witnesses, business operations, or records that would make

10

another forum more suitable than this one. In contrast, this Court has already expended significant resources overseeing this matter, entered preliminary injunctive relief, and imposed asset restraints to preserve Plaintiff's equitable remedies. As the Seventh Circuit explained in *ISI Int'l*, "[a] defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there[.] If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other [state] where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *ISI Int'l*, 256 F.3d at 552 (citing *Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000)). On June 24, 2026, Plaintiff's counsel requested that Defendant identify a suitable forum, but Defendant did not respond. Given Defendant's failure to identify or consent to a more suitable forum, its aggregate U.S. contacts continue to support this Court's exercise of personal jurisdiction under Rule 4(k)(2).

Plaintiff's alternative request to transfer this action to Colorado, *see* § IV, *infra*, does not defeat Rule 4(k)(2). Under *ISI*, the burden is Defendant's to preclude the Rule by identifying and consenting to some other State where suit could proceed. 256 F.3d at 552. Defendant has refused, disclaiming every U.S. forum under oath while declining to acknowledge Colorado or to explain its affiliation with HugBerry LLC. Plaintiff's willingness to accept transfer should the Court itself find that affiliation sufficient to support jurisdiction in Colorado is a fallback, not a concession; a defendant may not conceal the very facts that would fix its home forum, swear under oath that it has none, and then invoke that same concealed possibility to knock out the Rule.

### III. At Minimum, the Court Should Permit Jurisdictional Discovery Before Ruling.

Where a defendant's own jurisdictional showing leaves a material factual question unresolved, dismissal on the papers is premature. "[A] plaintiff is entitled to jurisdictional

discovery if he or she can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241–42 (N.D. Ind. 1998); *see JT's Frames, Inc. v. Casares*, No. 16-CV-2504, 2018 WL 835225, at *3 (N.D. Ill. Feb. 13, 2018); *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 864 (7th Cir. 2024). The threshold is modest: a plaintiff need only make a colorable or *prima facie* showing before discovery is warranted, with all inferences drawn in its favor. *Central States*, 230 F.3d at 946.

Plaintiff respectfully requests leave to take targeted jurisdictional discovery. Without discovery, it is impossible to determine the full scope of Defendant's illegal operation, including its relationship with HugBerry LLC in Colorado, how long the Defendant has been selling infringing products, how many storefronts it operates to sell infringing products, how many product IDs it used to sell infringing products, and whether Defendant is concealing information to shield adverse jurisdictional facts from the Court. A plaintiff's pre-suit investigation can capture only a snapshot of an online seller's conduct at a single point in time; it cannot reveal the full lifetime of the store's activity, the other listings, product IDs, or storefronts the same operator may control, or the volume it has sold over time — all of which lie exclusively within Defendant's and Amazon's records. Defendant should not be permitted to convert the inherent limits of Plaintiff's snapshot, compounded by its own concealment of its corporate identity, into a jurisdictional shield.

Critical questions remain about the true extent of Defendant's illegal operations and corporate identity, which go to the heart of Defendant's Motion. Any reliance on Defendant's self-purported facts would be premature and highly prejudicial to Plaintiff, potentially allowing Defendant to shield illicit proceeds through ghost entities and strategic compartmentalization of information. Given these circumstances, this Court should permit Plaintiff the opportunity to examine Defendant's statements through jurisdictional discovery.

**IV.** **If the Court Nonetheless Finds Personal Jurisdiction or Jurisdictional Discovery Improper, the Appropriate Remedy Is Transfer — to the District of Colorado or the Western District of Washington — Not Dismissal**.

Should the Court find personal jurisdiction or jurisdictional discovery improper, the remedy is transfer, not dismissal. A court "may consider transfer without first deciding issues of personal jurisdiction," *Bogard v. TikTok, Inc.*, 725 F. Supp. 3d 897, 904 (S.D. Ind. 2024); *see Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (a court need not have personal jurisdiction to transfer), and courts prefer transfer over dismissal because transfer "avoids the 'time-consuming and justice-defeating technicalities'" of forcing a plaintiff to refile, *Janssen Prods., L.P. v. eVer Valinject GmbH*, No. 24 C 7319, 2025 WL 639380, at *9 (N.D. Ill. Feb. 27, 2025); *see also MB Fin. Bank, N.A. v. Walker*, 741 F. Supp. 2d 912, 919 (N.D. Ill. 2010) ("the presumption generally runs in favor of transfer").

A court may transfer the case "for the convenience of parties and witnesses" and "in the interest of justice" to "any … district … where it might have been brought or to any … district … to which all parties have consented." 28 U.S.C. § 1404(a); *North v. Ubiquity, Inc.*, 72 F.4th 221, 226 (7th Cir. 2023). The District of Colorado is a district where this action "might have been brought": a Colorado limited liability company is subject to general personal jurisdiction in its State of formation. Additionally, when a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court … in which the action … could have been brought at the time it was filed." 28 U.S.C. § 1631; *North*, 72 F.4th at 228. Each statutory element is met here: the action could have been brought in Colorado, where HugBerry LLC is organized and subject to general jurisdiction.

The District Court for the Western District of Washington is an equally appropriate transferee. Defendant's own Amazon Business Solutions Agreement is governed by the law of the

State of Washington and designates the state and federal courts in King County, Washington —

which sit within the Western District of Washington — as the forum in which sellers submit to

jurisdiction for actions "to enjoin infringement or other misuse of intellectual property rights." *See*

Vogt Decl. ¶ 6 & Ex. 1 (Definitions ("Governing Courts," "Governing Laws"); General Terms §

20). Plaintiff, for its part, consents to either forum. Transfer to a district "to which all parties have

consented" is expressly authorized, 28 U.S.C. § 1404(a), and on this record the action equally

"might have been brought" in that district, *id.*; § 1631.

The interest of justice supports transfer in this case. This inquiry is directed to "the efficient

administration of the court system." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir.

1986). This Court already invested judicial resources in this dispute. Dismissal would waste that

work, force duplicative litigation, and reward Defendant's strategic concealment of its corporate

identity. Transfer preserves the case, the record, and the relief already entered. *See Janssen Prods.*,

2025 WL 639380, at *9; *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Defendant's procedural

gamesmanship strongly supports transfer. *See Friend v. Partnerships & Unincorporated

Associations Identified on Schedule A*, No. 1:25-cv-04313, Dkt. 59 (N.D. Ill. July 30, 2025)

(transferring rather than dismissing because the court "share[d] Plaintiff's concerns about

procedural gamesmanship" arising from the defendants' inconsistent submissions). Defendant

swore under oath that it "solely operates" in Vietnam while its own Amazon account was registered

to a Colorado LLC it never disclosed, then disclaimed every U.S. forum to manufacture a

jurisdictional escape hatch. Transfer, unlike dismissal, allows the case to proceed in the appropriate

forum, avoids prejudice to Plaintiff, and avoids rewarding Defendant's gamesmanship.

That Defendant sought none of this relief is telling. Had Defendant genuinely believed that

litigating in this District was inconvenient or unfair, the remedy would have been transfer to

Colorado, to Washington, or to any district it was willing to name. Defendant asked for none of that. It moved for outright dismissal while refusing to identify any forum in which it concedes it can be sued. A litigant concerned with the fairness of the forum seeks a better forum; a litigant seeking to leave the case altogether seeks dismissal. A party may not defeat Rule 4(k)(2) or avoid transfer by disclaiming jurisdiction in the chosen forum while refusing to identify any other state where suit is possible. *See ISI Int'l*, 256 F.3d at 552. Courts routinely resolve precisely this posture by curing the jurisdictional defect through transfer rather than dismissing. *See Bogard*, 725 F. Supp. 3d at 910; *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 948 (N.D. Ill. 2002). Plaintiff therefore respectfully requests that, if the Court finds no basis for personal jurisdiction or jurisdictional discovery, it transfer this action as to Defendant to the United States District Court for the District of Colorado or to the United States District Court for the Western District of Washington under 28 U.S.C. § 1404(a) and/or § 1631, rather than dismiss it.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [50, 51] because Defendant's own Declaration is materially deficient and, independently, because personal jurisdiction is proper under Fed. R. Civ. P. 4(k)(2); or, in the alternative, order limited jurisdictional discovery before ruling; or, in the further alternative, transfer this action as to Defendant to the United States District Court for the District of Colorado or the Western District of Washington rather than dismiss it. Defendant's request for the return of the restrained funds is moot because Plaintiff has already returned them.

DATED: July 29, 2026                    Respectfully submitted,

_/s/ Keith A. Vogt_
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**_ATTORNEY FOR PLAINTIFF_**

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on July 29, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

*/s/ Keith A. Vogt*
Keith A. Vogt