**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LILY AND VAL, LLC,<br><br>Plaintiff,<br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendant. | Case No. 1:26-cv-01896<br><br>Judge Joan H. Lefkow<br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT GARMENT PRINT CO.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF LILY AND VAL LLC'S COMPLAINT**

Defendant Garment Print Co. ("Moving Defendant"), by and through its undersigned counsel, hereby replies to Plaintiff Lily and Val, LLC's ("Plaintiff") response (Dkt. 53) to Moving Defendant's motion to dismiss Plaintiff's Complaint. (Dkts. 50, 51). In support of its motion, Moving Defendant states as follows:

Plaintiff does not dispute three important points about the standard set forth in the Moving Defendant's motion to dismiss, namely:

1) That in response to a motion to dismiss for lack of personal jurisdiction "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003)(cited at Dkt. 51 at 2);

2) Where a defendant submits affidavit evidence supporting its motion "the plaintiffs must similarly submit affirmative evidence supporting the court's exercise of jurisdiction."

*Matlin v. Spin Master Corp.,* 921 F.3d 701, 705 (7th Cir. 2019) (cited at Dkt. 51 at 2); and

3) The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU-Employer Ret. Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1020 n.1 (7th Cir. 2009) (cited at Dkt. 51 at 2).

Unable to satisfy the standard it concedes, Plaintiff submits a tortuous explanation purporting to rebut the Defendant's affidavit, which amounts to allegations that:

1) A purported 2026 Amazon document related to the seller account which the Moving Defendant allegedly used (and which Plaintiff seized) is supposedly an Amazon Account owned by HugBerry, LLC, a Colorado corporation (Dkt. 53-1 at 3, paras. 10-11);
2) other Amazon documents allegedly show that, in August 2025, the same account identified the seller's business name as "Tuan Nguyen Gia" of Vietnam (Dkt. 53-1 at 4, paras. 12-13); and
3) that the Amazon account showed checkout pages including "availability for shipment to Illinois[.] " (Dkt. 53-1 at 4, para. 14)

Such "evidence," however, does not show a claim, much less a plausible claim, that any sales, or any shipment of products occurred in Illinois. If anything, Plaintiff's declaration raises more questions than it answers, namely:

1) Assuming Plaintiff's counsel really did "retain investigators" to support a complaint showing copyright infringement in Illinois ((Dkt. 53-1 at 3, para. 9) (Dkt. 1 at para. 16), why did Plaintiff fail to buy an allegedly infringing product in Illinois?

2) What does a third party's (HugBerry LLC's) 2026 activity have to do with allegations about what Garment Print allegedly did in 2025?

3) How does the involvement of a third-party Colorado company (again, HugBerry LLC) with an Amazon seller's account support a showing that the Moving Defendant sold the accused product in Illinois?

Plaintiff's arguments show strong creativity (if not nerviness) but lack merit. None of its "allegations" support activity showing any sales of the accused product, much less any product in Illinois sufficient to support its present claim. Indeed, the sole substantive allegation that even references the State of Illinois is the mention that an Amazon webpage indicates that products are "available for sale" in Illinois. However, Plaintiff's response does not mention, much less refute, the controlling Seventh Circuit case cited in Moving Defendant's opening brief which flatly rejects such evidence as a basis for personal jurisdiction:

> [T]he district court clearly erred in finding that the defendants sold products to Illinois customers. Nor was that error harmless. Without those sales, the court's basis for personal jurisdiction is merely that the defendants operated online stores accessible in the United States, which offered shipping to the United States. As we explained in *Curry*, more is required to establish purposeful action by the defendant and thus personal jurisdiction; ***a defendant may not be "haled into court simply because the defendant owns or operates a website that is accessible in the forum state."*** 949 F.3d at 400 (citation modified). That's true even if the website is "highly interactive" and capable of accepting orders that would ship to customers in the forum state. *Id.*; see also *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 799, 801 (7th Cir. 2014) (declining to find personal jurisdiction even though the defendant had an interactive website capable of accepting orders from Indiana citizens).

*Yinnv Liu v. Monthly et al*., 170 F.4th 1090, 1093-94 (7th Cir. 2026) (cited at Dkt. 51 at 7) (emphasis added). Plaintiff has offered nothing to refute the relevant fact in the Moving Declarant's affidavit (i.e., they have made no sales of the infringing product). Plaintiff's affidavit "evidence" is

inapposite to personal jurisdiction in Illinois, and thus cannot defeat the Moving Defendant's motion.

Further, Plaintiff's argument that Fed. R. Civ. P. 4(k)(2) (Dkt. 53 at 6) should apply to the Moving Defendant contradicts its own asserted identification of two states in which it could allegedly establish personal jurisdiction: the Western District of Washington based upon an Agreement between the Moving Defendant and third-party Amazon allegedly governed by Washington law (Dkt. 53, at 13-14), or to the District of Colorado based upon the state of incorporation of third party HugBerry LLC. (Dkt. 53, at 13). Plaintiff even argues in the alternative that this case should be transferred to Washington or Colorado. *Id*. However, Plaintiff's references to HugBerry LLC do not establish any sales by Moving Defendant. Plaintiff purports to have a claim for copyright infringement based upon actual sales (Dkt. 1 at para. 16). If plaintiff wants to bring suit for claims based upon acts by HugBerry (or Amazon), such claims should be filed separately in a complaint supported by actual sales by those entities, not a complaint against a party which has never sold the product alleged to infringe.

Recognizing that it has no sales in Illinois, Plaintiff argues for the first time that the mere "public display" of its copyrighted work on Moving Defendant's Amazon listing is itself a suit-related contact conferring jurisdiction over the United States as a whole under Rule 4(k)(2), regardless of any sale. (Dkt. 53 at 4–10.) Whether the claim sounds in copyright or trademark does not change the constitutional inquiry, which turns on whether the defendant purposefully directed conduct at the forum. *Curry v. Revolution Labs., LLC,* 949 F.3d 385, 398-400 (7th Cir. 2020). The Seventh Circuit has repeatedly held that operating a website accessible in the forum, even an interactive one that offers to ship there, falls short of purposeful direction. *Id.* at 400; *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 803 (7th Cir. 2014). The relevant contacts must be ones the defendant creates with the forum, not the location of the

plaintiff's injury. *Walden v. Fiore,* 571 U.S. 277, 283-84, 134 S. Ct. 1115, 1121 (2014). A copyrighted image shown on the U.S. Amazon marketplace is displayed everywhere that marketplace is accessible. By Plaintiff's logic, every Amazon seller would be subject to suit in every forum in the United States. This is the same "universal jurisdiction" logic the Seventh Circuit has rejected. *Advanced Tactical,* 751 F.3d at 801-02. Plaintiff's own lead case forecloses its theory. *NBA Props. v. HANWJH,* 46 F.4th 614, 624 (7th Cir. 2022), found jurisdiction only because the defendant "intentionally ship[ped] an infringing product." There was no such shipment here.

Separately, Plaintiff contradicts its own Rule 4(k)(2) theory. Rule 4(k)(2) applies only where the defendant "is not subject to jurisdiction in any state's courts of general jurisdiction." Fed. R. Civ. P. 4(k)(2)(A); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP,* 256 F.3d 548, 551 (7th Cir. 2001). Here, Plaintiff attempts to identify a state of purported general jurisdiction by insisting that the account's true owner is HugBerry LLC, "subject to general personal jurisdiction in its State of formation," Colorado, and on that basis seeks transfer there. (Dkt. 53 at 13.) Plaintiff cannot have it both ways. If HugBerry is the defendant and is at home in Colorado, Rule 4(k)(2) is unavailable by its own terms and this Court still lacks jurisdiction. Alternatively, if the defendant is a Vietnamese seller with no U.S. home, Plaintiff must show purposeful direction at the United States, which, as shown above, an accessible nationwide display does not. Either way, Rule 4(k)(2) does not confer jurisdiction in this District.

**CONCLUSION**

Moving Defendant respectfully requests that this Court enter an Order dismissing the Complaint against the Moving Defendant, and for all other relief as the Court deems just and proper.

Dated: August 14, 2026

Respectfully submitted,

*/s/ Arthur A. Gasey*

Arthur A. Gasey (gasey@vvnlaw.com)
Dean D. Niro (dniro@vvnlaw.com)
Nicholas D. Niro (nniro@vvnlaw.com)
**VITALE, VICKREY, NIRO, SOLON & GASEY LLP**
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
Phone: (312) 236-0733
***Attorneys for Defendant Garment Print Co.***