**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LILY & VAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 26-cv-01896<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANT NO. 131 GARMENT PRINT CO.'S MOTION TO DISMISS**

Plaintiff Lily & Val, LLC respectfully moves for leave to file the sur-reply attached as **Exhibit A**, limited to matters raised for the first time in the Reply of Defendant No. 131 Garment Print Co. [56]. In support, Plaintiff states:

1. Defendant moved to dismiss for lack of personal jurisdiction on July 1, 2026. [50]; [51]. Its memorandum argued the Illinois long-arm statute and the absence of an Illinois sale. It never mentioned Rule 4(k)(2), notwithstanding that the Complaint pleads that Rule as a basis for jurisdiction. [1] ¶ 2.
2. Plaintiff responded on July 29, 2026, with evidence that Defendant operates no website of its own: it rents a storefront on Amazon's U.S. marketplace, priced in U.S. dollars, offered shipment throughout this country, and displayed the accused work there without geographic restriction. [53]; Vogt Decl. [53-1] ¶¶ 3, 5–8, 13–14 & Exs. 1, 5, 6.
3. Defendant's Reply, filed August 14, 2026, does not engage Plaintiff's evidence that Defendant occupies a marketplace rather than operating a website; it argues instead that the distinction makes no difference, because "[a] copyrighted image shown on the U.S.

Amazon marketplace is displayed everywhere that marketplace is accessible," such that on Plaintiff's theory "every Amazon seller would be subject to suit in every forum in the United States." [56] at 5. That argument is new. The attached sur-reply addresses this new matter by explaining that a foreign seller that pays to occupy the most-used commercial marketplace in this country, and configures its storefront for American buyers, has done what the operator of a merely accessible website has not.

4. The Reply further contends, for the first time, that Plaintiff's alternative request for transfer defeats Rule 4(k)(2)'s negation requirement. Fed. R. Civ. P. 4(k)(2)(A); [56] at 4–5. This too is a new argument. The attached sur-reply addresses this new matter by explaining that Rule 4(k)(2) was designed to work in harmony with the transfer statutes rather than to be forfeited by a request for relief under them, and that on Defendant's own premise the remedy is transfer, not dismissal.

5. A sur-reply is allowed "for valid reasons, such as when the movant raises new arguments in a reply brief." *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011); *see Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999). And due process "requires that a plaintiff be given an opportunity to respond to an argument or evidence raised as a basis to dismiss his or her claims." *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015).

6. Granting leave prejudices no one. The sur-reply attaches no new evidence, seeks no relief beyond what Plaintiff's response already requests, disturbs no deadline or setting, and will materially assist the Court in its decision.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the sur-reply attached as Exhibit A.

DATED: August 25, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on August 25, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

*/s/ Keith A. Vogt*
Keith A. Vogt